# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 07-20275

STEVE LANGSTON

    Defendant.

_____/

## AMENDED - ORDER SETTING SENTENCING AND DEADLINE DATES AND IMPOSING OTHER RESPONSIBILITIES

The Defendant having been convicted and referred to the Probation Department for the preparation of a Presentence Report (PSR), **IT IS ORDERED** as follows:

1) Sentence will be imposed on **March 3, 2008 at 2:30 pm.**

2) On or before **January 11, 2008** the PSR must be submitted to counsel by the Probation Officer for review and possible objections.

3) On or before **January 25, 2008**, any PSR objection must be stated to the Probation Officer *(but cannot be filed on the docket)*. In stating an objection, counsel must use a format substantially similar to the attached *Addendum*. A purported PSR objection originating in a letter, an e-mail, a "sentencing memorandum," etc., will be rejected by the Probation Officer and returned to the party who provided it.

4) On or before **February 8, 2008**, the proposed final form of the PSR must be delivered to the court by the Probation Department.

5) Not later than **February 22, 2008**, any request *by either party* for a departure or variance from the Guidelines range must be presented in the form of a motion with

a supporting brief.

6) Not later than **SEVEN DAYS before sentencing**, any opposition to the other party's motion for departure or variance motion must be filed.

7) A Sentencing Memorandum is optional,[1] but due **SEVEN DAYS before sentencing.**

8) Counsel must provide a copy of any motion, opposition or memorandum to the Probation Officer.

9) Allocution at sentencing will ordinarily not exceed five minutes for Defendant's counsel, five minutes for Defendant and five minutes for government counsel.

Date: December 28, 2007

s/Robert H. Cleland
ROBERT H. CLELAND
United States District Judge

---

[1] Sentencing memoranda are ordinarily reviewed by the court in the few days leading to sentencing. Counsel cannot use a sentencing memorandum as a substitute for a motion for a USSG departure or 18 USC §3553(a)(2) variance in sentence.

S:\Cleland\LISA\Criminal\Sentencing Forms\sentprocedures.10.wpd

SAMPLE
PRESENTENCE REPORT ADDENDUM

Defendant's name:                                   Page #:
Docket #:                                           Paragraph #:
Date:                                               Line(s) #:
Objection #:

Section I: Defendant's/Government's objection:

_____       _____
Attorney's signature              (or)        Defendant's signature         (or both)

Section II: Probation officer's comments:

---

**Instructions for counsel**
(not to be replicated on the Addendum to be submitted)

1) Provide objections directly to the Probation Officer. Do not file them with the Clerk.

2) Any objection and any claim that a guideline or application note has been incorrectly applied or omitted must be accompanied by a clear explanation. Saying that "the defendant disputes" a fact, without providing an alternate explanation or reference to *specific* evidence in the record or discovery, is generally unavailing. Saying that "the defendant states" something without pointing to evidence in the record is a similar gesture.

3) Do not use the Addendum format or the formal "objection" process merely to claim a minor factual error, i.e., one that has no effect on guideline calculations nor forms the basis for a departure (such factual claims may be presented to the Probation Officer by letter or memorandum), to point out a mechanical result or an alternate guideline calculation that depends on the resolution of a challenged factual item, or to"object" to required PSR comments such as factors for possible departure.  Such matters may be presented to the court in the form of a sentencing memorandum. Always provide a copy to the Probation Officer.

3) When a party has presented a material objection that has not been accepted by the Probation Officer and remains for resolution by the court, any opposition must expressed in writing whether or not the court specifically orders a response. Always provide a copy to the Probation Officer. Responses should correspond to the numbering of the objection(s) and clearly explain the party's position on the facts and the law.